UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Corey J. England and Midwest Gems, Inc., | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-4017 |
| | ) | |
| Kenneth S. Feldman and Feldman Law Group, | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

Now before the Court is the Defendants' motion to dismiss (Doc. #16). The motion is fully briefed, and pursuant to Local Rule 72.1, the district judge has referred the matter to me for a report and recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the motion be denied.

**BACKGROUND**

On July 27, Plaintiff filed a motion entitled "motion for extension of time for service." (Doc. #6). In that motion, Plaintiff took 3 pages to explain that Notices of Lawsuit and Requests for Waiver of Service had been sent to Defendants but that Defendants had refused to return the waivers. The documents were re-sent but were not returned. A phone call to the office was not returned. Characterizing defendants' refusal to return the waivers as a "breach of their duty" and a "refusal to comply with Rule 4(d)(1), Plaintiff requested that the Court grant the motion for an extension of time "to personally serve the defendants, up to and including September 18, 2009."

Because the entire focus of the motion was on Plaintiff's efforts to get Defendants to waive service of process, the Court interpreted the substance of the motion as unnecessary: Fed.R.Civ.P. 4(d) expressly states what a plaintiff is to do when waivers are not returned. A text order was

entered denying the motion, stating: "A court order is not needed to obtain personal service following failure to return waivers. Plaintiff is directed to follow Fed.R.Civ.P. 4(d)(2)." Nowhere in that motion did Plaintiff inform the Court that the 120 days for service under Fed.R.Civ.P. 4(m) had expired on July 11, more than 2 weeks before the motion was filed. Other than a single reference to the date the lawsuit had been filed, Plaintiff made no reference to Rule 4(m) or to 120 days. It was not apparent from the face of the motion, in other words, that an extension of time was needed[1].

Plaintiff obtained summonses on August 10; they were served on August 26, 2009. Defendants now move to dismiss, asserting that service was invalid and that the Court has therefore not acquired personal jurisdiction over the New York Defendants. Plaintiff responds by asserting the events that led up to the first motion and by adding the difficulties the process server encountered in serving Defendants. Defendants, of course, see those events in an entirely different light.

Briefly, those events are as follows. On March 16, 2009, Plaintiff first sent to Kenneth S. Feldman and Stephen E. Feldman (but not to Feldman Law Group), by certified mail, Notice of Lawsuit and Request for Waiver of Service. The documents incorrectly identified the Court where the action was pending as the Northern District of Illinois. The documents indicated that they were mailed on March 12, although they were actually dated March 13.

---

[1]Plaintiff argues that the Order denying her motion for extension of time should be read as implicitly allowing an extension of time. This argument is rejected. The motion was flatly denied. Nothing in the Court's Order can be construed as granting an extension of time for service.

Defendants refused to accept the certified mail, and the mail was returned to Plaintiff with the word "Refused" written on the envelope. Defendants explain that, as an intellectual property law firm in New York City, it is impractical to accept registered mail from unknown senders, namely that putative inventors have been known to send invention disclosures to such firms and then later claim misappropriation by the law firm which accepted the registered letter. In addition, since 9/11/01, the Feldman Law Firm has implemented a policy of accepting registered mail only from known senders in order to protect its staff.

According to Plaintiff, the Notices of Lawsuit and Requests for Waiver of Service were re-sent by regular mail on March 27. Defendants did not return the Waivers. Plaintiff sent a letter on April 30, noting that the Waivers had not been returned and asking Defendants to advise whether they were waiving service "at your earliest convenience". Defendants did not respond. Nearly 3 months later, Plaintiff filed the motion that was mentioned above.

Defendants now move to dismiss for failure to timely serve the complaint. Responding to the motion to dismiss, Plaintiff first asserts that Defendants' refusal to accept and return the Waivers constitutes "good cause" for the failure to obtain timely service. Plaintiff goes on to argue that, even if Defendants' refusal does not constitute good cause, this Court has discretion to choose between dismissing the action with prejudice and allowing more time. Finally Plaintiff argues that the July 29 Order implicitly granted an extension of time for service.

## DISCUSSION

The Federal Rules of Civil Procedure require a plaintiff to have a summons and complaint served on the defendant. Fed.R.Civ.P. 4(c)(1). The Rule also sets up a "useful alternative" for "inexpensive notification of a lawsuit," Troxell v. Fedders of North America, Inc., 160 F.3d 381,

383 (7th Cir. 1998), allowing a plaintiff to notify an individual, corporation or association that an action has been commenced and request that the defendant waive formal service of process. Fed.R.Civ.P. 4(d)(1).

Rule 4(d) sets forth the procedures, form and content for the Notice of Lawsuit and Request for Waiver of Service of Process. One of the requirements is that the documents identify the court where the complaint was filed, Fed.R.Civ.P. 4(d)(1)(B); another is that the Request be sent by "first-class mail or other reliable means." Fed.R.Civ.P. 4(d)(1)(G). The Rule states that an individual, corporation, or organization "has a duty to avoid unnecessary expenses of serving the summons." Fed.R.Civ.P. 4(a)(1).

Rule 4 also requires that the waiver form specify a date for defendant to respond to the complaint, allowing at least 30 days from the date on which it was sent to return the waiver. Once that time has elapsed without a return of waiver, a plaintiff knows that the defendant intends to stand on its right to receive formal service. It then becomes plaintiff's obligation to serve the defendant formally under the other sections of Rule 4 and to do so within the time allowed under subdivision (m) of that Rule.

Crucial to understanding section (d) of Rule 4 is that a plaintiff can only *request* waiver; waiver of formal service cannot be demanded. The only "teeth" to this form of service is the possible obligation of a defendant to reimburse a plaintiff for personal service if the waiver is not returned. As the Seventh Circuit stated in <u>Troxell</u>, a defendant that wants to demand formal service is entitled to do so, but a defendant that stands on the right of formal service must reimburse plaintiff for the cost of that service, unless good cause is shown for the failure to waive. 160 F.3d at 383.

The Federal Rules also limit the time within which service must be accomplished. If a

defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m). Whether good cause exists is a decision entrusted to the court's discretion; in the absence of good cause, the court may either dismiss the case or extend the time of service, a choice also committed to the discretion of the court. Troxel, 160 F.3d at 382.

"Good cause means a valid reason for delay, such as the defendant's evading service." Coleman v. Milwaukee Bd. of Sch Directors, 290 F.3d 932, 934 (7th Cir. 2002). Although Plaintiff characterizes Defendants' conduct in not returning the waivers as evasive, it was not. First, as noted above, the Requests for Waiver contained substantive defects. Second, Defendants had a valid reason not to accept registered mail from unknown persons. With respect to Defendants' conduct vis-a-vis personal service, it is not necessary to resolve the parties' varying versions of the events, because even if some type of evasive maneuvering is assumed (and that is not what appears to have happened), Plaintiff obtained the summonses on August 10 and service was effected on August 26. That delay was minimal and played only a very small part in the time that it took Plaintiff to properly serve the Defendants. In fact, none of the difficulties encountered by the process server had anything to do with Plaintiff's failure to serve within the 120 days allotted.

As was the case in Troxell, Plaintiff must accept the blame for the late service. Plaintiff (or his attorney) knew no later than July 12 that Defendants had not returned the waivers, yet no action was taken for 2 weeks. When action was taken, it was wholly ineffective to extend the time for service. Plaintiff's effort to blame Defendants because they refused to return the waivers "fundamentally misunderstands the system established by Rule 4." Troxell 160 F.3d at 383. Even

if the Notices of Lawsuit and Requests for Waivers had technically complied with Rule 4(d) - and they did not - Defendants were under no obligation whatsoever to waive. Rather, when they did not waive, it became Plaintiff's obligation to effect timely personal service. No effort to effect personal service at all was made until after the 120 days had elapsed.

Plaintiff has shown no good cause. In the absence of good cause, this Court must now exercise its discretion to decide whether the case should be dismissed or whether additional time for proper service should be allowed; another option would be to deem that the service already made was effective.

Plaintiff relies on U.S. v. McLaughlin, 470 F.3d 698 (7th Cir. 2006) for the proposition that discretion should be exercised in favor of extending the time for service unless there is prejudice to the Defendant. In McLaughlin, the defendant was alleged to owe a significant amount of back taxes. Defendant conceded that he owed the entire amount sought. The government took steps to serve the defendant and believed that it had successfully done so until after the 120 days had passed, at which time it learned that service was not proper. Defendant argued that an extension of time to serve was not appropriate. Although the Seventh Circuit was not impressed with the government's effort to serve, the Court found no prejudice to the defendant and further noted that it would be a windfall for an admittedly-liable defendant were the time for service not extended.

At least one case following McLaughlin has limited it to its facts, holding that the case "does not stand for the proposition that it is an abuse of discretion if a district court denies a permissive extension of time under similar circumstances. Craig v. Southern Ill. Riverboat/Casino Cruises, Inc. – F.Supp.2d –, No. 08-CV- 38-DRH, 2009 WL 2567905, *3-4, Aug, 19, 2009 (S.D. Ill.).

6

In <u>Troxell</u>, the plaintiff mailed a copy of the complaint and waiver of service forms under Rule 4 on the same date that the complaint was filed. The waiver was not returned. More than 240 days later, she effected personal service on the defendant's agent. Defendant moved to dismiss. Opposing that motion, plaintiff pointed out that defendant had suffered no prejudice and further that dismissal would be a dismissal with prejudice, because the statute of limitations had run. She did not, however, assert any reason for the late service. The District Court found no good cause and declined to exercise discretion to extend the time. On appeal, the Court of Appeals stated that the district court "knew it had discretion over the matter; it evaluated Troxell's conduct ... as a whole; and it decided not to exercise discretion in her favor." The Seventh Circuit found no abuse of discretion.     In the instant case, the Court acknowledges that it misinterpreted Plaintiff's motion for extension of time. Although the motion was neither artfully drafted nor timely filed, it did seek additional time for service. Had the substance of the motion been clearer, the extension of time might well have been granted. In the absence of any prejudice to the defendant - and none has been asserted - this appears to be a case in which discretion should be exercised to allow the case to proceed on the merits.

Nothing in this Order should be read as condoning Plaintiff's dilatory conduct or lack of research regarding Rule 4. Nonetheless, in the exercise of discretion, I conclude that Plaintiff should be allowed additional time to serve the Defendants. Because the summonses that were served on Defendant were obtained without court order and after the 120 days had elapsed, there is no effective service to date. Plaintiff is therefore directed to obtain alias summonses and re-serve the Defendants.

**CONCLUSION**

Defendants' motion to dismiss (#16) is denied. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

ENTERED ON  October 16, 2009

                             s/ John A. Gorman

                            JOHN A. GORMAN
                       UNITED STATES MAGISTRATE JUDGE