## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| COREY ENGLAND and MIDWEST GEMS, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 09-cv-4017 ) |
| KENNETH S. FELDMAN and FELDMAN LAW GROUP, | ) ) ) |
| Defendants. | ) |

## O P I N I O N and O R D E R

Before the Court are the Motion to Dismiss filed by Defendants, Kenneth S. Feldman and Feldman Law Group (Doc. 16), the Report and Recommendation issued by Magistrate Judge John A. Gorman (Doc. 21), the Objection thereto (Doc. 22) and the Motion for Leave to File a Reply filed by Defendants (Doc. 25). For the reasons set forth below, the Motion to Dismiss is DENIED, the Report and Recommendation is ACCEPTED, and the Motion for Leave is DENIED.[1]

### STANDARD

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." FED.R.CIV.PRO. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* However, the Court emphasizes that Rule

---

[1] Local Rule 7.1(B)(3) provides that no reply to a response is permitted. Defendants have had ample opportunity to argue their position without resort to a reply brief.

72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." *Id.* (emphasis added).

## BACKGROUND

Defendants moved to dismiss the Complaint for lack of timely service. Magistrate Judge Gorman recommended that the Motion to Dismiss be denied. Judge Gorman found that while Plaintiffs exhibited dilatory conduct and did not show "good cause" for the extension of the time to serve Defendants, Plaintiffs nonetheless should be granted the opportunity to properly serve Defendants.

Neither party has objected to the facts as laid out by Judge Gorman. In brief, Plaintiffs filed a Complaint on March 13, 2009. On March 16, 2009, Plaintiffs sent, by certified mail, a Notice of Lawsuit and Waiver of Service. The Notice and Waiver were facially defective because, in part, they listed the incorrect Court where the action was pending. The mail was returned to Plaintiffs. Plaintiffs resent the Notice and Waiver by regular mail on March 27, 2009 and followed up with a letter dated April 30, 2009. Defendants did not return the waiver. On July 27, 2009, Plaintiffs filed a Motion pointing out that Defendants have failed to return the waivers and seeking an extension of time to "personally serve" Defendants. On July 29, 2009, Judge Gorman denied that Motion and indicated that "[a] court order is not needed to obtain personal service following failure to return waivers." On August 10, 2009, Plaintiffs acquired summons for Defendants. Summons were returned on September 3, 2009. There is no dispute that Plaintiff failed to timely serve process.

On September 11, 2009, Defendants filed a Motion to Dismiss. Defendants argued that Plaintiffs had failed to serve them within the 120 days provided by Rule 4(m). As noted above, Judge Gorman recommended that the Motion to Dismiss be denied and that this Court exercise discretion and allow Plaintiffs to properly serve Defendants. Defendants have objected to the Report and Recommendation only to the extent that Judge Gorman recommended that Plaintiffs be allowed to effect formal service of process. This Court will conduct a *de novo* review of this sole issue.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) provides for the filing of a motion challenging sufficiency of process. Once Defendant has challenged service of process, Plaintiff bears the burden on proving that service was proper. *See Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003).

Service of process is governed by Rule 4. The Rule provides, among other things, that the summons and Complaint must be served upon Defendants (unless service is waived) in one of the ways specified in the Rule; and, that it must be served within 120 days of the filing of a Complaint. In this case, service must be accomplished by a person who is at least 18 years old by either following state law on service, by personally serving the individual Defendant, and by delivering a copy of the summons and Complaint to an agent of the corporate (or partnership) Defendant. FED.R.CIV.PRO. 4(c)(2), 4(e), and 4(h)(1)(B). Service can be waived by Defendants if Plaintiffs comply with the provisions of Rule 4(d) by, in part, notifying Defendants of the lawsuit in writing, providing a copy of the Complaint and waiver

3

forms, informing Defendants of the consequences of waiving, and giving Defendants a reasonable opportunity to return the waiver. Rule 4(l) finally provides that proof of service must be made to the Court unless service is waived.

There is no dispute that: Plaintiffs made no attempt to personally serve Defendants within the time limits set forth by Rule 4(m); Plaintiffs failed to comply with the requirements of Rule 4(d) because the waivers of service were facially defective; and, Plaintiffs further have failed to show the "good cause" that would mandate an extension of time to properly serve defendant. The only question is whether Plaintiffs should nonetheless be permitted to serve Defendants.

This Court *may*, at its discretion, extend the time period for service even without a showing of good cause. *Henderson v. United States*, 517 U.S. 654, 662-662 (1996); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 382-3 (7th Cir. 1998). An abuse of discretion occurs if this Court's decision is "arbitrary or unreasonable." *Troxell*, 160 F.3d at 383. Defendants argue that this Court should not exercise discretion because of the "dubious manner" in which Plaintiffs counsel obtained summons from the Clerk's office after the 120 days for service had elapsed and after Judge Gorman had denied Plaintiffs' Motion for Extension of time. Defendants further argue that granting Plaintiffs the opportunity to serve Defendants would send "the unfortunate message that plaintiffs may ignore the rules and procedures of this Court without risk of adverse consequences."

As to the first argument, that Plaintiffs' counsel acted improperly, it is clear that Plaintiffs failed to comply with Rule 4. However, as officers of the Court, this

4

Court assumes, without evidence to the contrary, that Counsel acted in accordance with the code of conduct to which all attorneys should adhere. As to the second argument, while the Federal Rules of Civil Procedure are not mere suggestions, violations of those rules lead to various sanctions and do not uniformly lead to dismissal of a Complaint.

Defendants (or at least the individual Defendant) were informed of this lawsuit by the, albeit defective, waivers and notice of lawsuits that were mailed on March 27, 2010, 14 days after the Complaint was filed. Plaintiffs followed-up with a letter a month later. The only prejudice that Defendants point to is the general prejudice that all defendants suffer in having to defend against a lawsuit. This is not a situation, as in *Craig v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 2009 WL 2567905 (S.D.Ill. 2009), where a previous incarnation of the lawsuit had reached the summary judgment stage. Dismissal would only lead to further delay in resolution of this matter. See FED.R.CIV.PRO. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). Therefore, notwithstanding sloppy lawyering on the part of Plaintiffs' attorneys, this Court, in its discretion, grants Plaintiffs the opportunity to properly serve Defendants.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. 16) is DENIED, the Report and Recommendation (Doc. 21) is ACCEPTED, and the Motion for Leave is DENIED. Plaintiffs shall obtain alias summonses and serve Defendants in accordance with Rule 4 by March 26, 2010.

Entered this <u>15th</u> day of March, 2010

s/ Joe B. McDade
JOE BILLY MCDADE
Senior United States District Judge
